# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FORTNER LOGGING, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 17-0049** (BOR Appeal No. 2051414)
                        (Claim No. 2015000211)

**MIRANDA WYKLE, widow of**
**RANDY D. WYKLE (deceased),**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Fortner Logging, LLC, by T. Jonathan Cook its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Miranda Wykle, widow of Randy D. Wykle (deceased), by Pamela A. Lambert her attorney, filed a timely response.

The issue on appeal is whether dependent's benefits should be granted in this claim. This appeal originated from the July 22, 2014, claims administrator's decision denying the request for dependent's benefits.[1] In its June 30, 2016, Order, the Workers' Compensation Office of Judges reversed the claims administrator's decision and granted dependent's benefits. The Board of Review's Final Order dated December 16, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Miranda Wykle, widow of Randy D. Wykle, filed an application for dependent's benefits after Mr. Wykle was killed in an accident at his place of employment. Mr. Wykle worked as a

---

[1] The claims administrator first denied the claim on July 11, 2014, but provided no explanation for the denial.

1

heavy equipment operator and logger. On the afternoon of June 13, 2014, Mr. Wykle was struck by a felled tree and suffered a blunt force injury to the thorax and abdomen. This trauma caused complex liver and right kidney lacerations, which further caused exsanguination, the severe blood loss of an organ, and hemoperitoneum, an accumulation of blood in the space between the inner lining of the abdominal wall and the internal abdominal organs. On July 22, 2014, the claims administrator denied Mrs. Wykle's application for dependent's benefits pending an autopsy report.

An autopsy report dated January 21, 2015, indicated that Mr. Wykle died from blunt force injury to the head, thorax, abdomen, and lower extremities. Mr. Wykle suffered several contusions, fractured ribs, and a massive complex laceration to the liver and kidney. The toxicology report detected no alcohol in Mr. Wykle's system. However, supratherapeutic concentrations of Hydrocodone, therapeutic concentrations of Alprazolam and Diazepam, and the presence of 7-aminoclonazepam were all found present in his bloodstream. According to the report, Mr. Wykle had no active prescriptions for these medications, although it was mentioned that he did have a recent prescription access to Hydrocodone. The autopsy concluded that Mr. Wykle's death was consistent with multiple traumatic injuries sustained as a heavy equipment operator struck by a tree limb.

Mrs. Wykle testified in a deposition before the Office of Judges on January 8, 2016, that she had been married to Mr. Wykle at the time of his death. Mrs. Wykle testified that she had filed a dependent's claim for benefits after Mr. Wykle was killed in an accident on June 13, 2014. Lastly, Mrs. Wykle denied any knowledge that Mr. Wykle was taking prescription medications without a prescription and she denied that he abused narcotics, antidepressants, and/or anti-anxiety medications.

At the request of the claims administrator, George Nichols, M.D., performed a record review which included the autopsy report, the Report of Occupational Injury, the death certificate, the application for benefits, and Mrs. Wykle's deposition. Dr. Nichols wrote that Mr. Wykle sustained a lethal blunt force injury producing a massive internal hemorrhage while at work and that a post-mortem examination indicated that he died due to the lethal trauma. Dr. Nichols noted that Mr. Wykle had traces of prescription medications in his blood and that he did not have an active prescription for them. He wrote that Hydrocodone is a synthetic opioid and that the other medications are benzodiazepines, a type of tranquilizer. These medications are central nervous system depressants and their effects in the brain are addictive and/or synergistic. Dr. Nichols opined that Mr. Wykle was chemically intoxicated and impaired at the time of his death.

On June 30, 2016, the Office of Judges reversed the claims administrator's decision and granted Mrs. Wykle dependent's benefits. The Office of Judges found that an employee's application for benefits is governed by statutory, regulatory, and common law as it existed on the date of injury. *State ex rel. ACF Industries, Inc. v. Vieweg*, 204 W.Va. 525, 514 S.E.2d 176 (1999). At the time of Mr. Wykle's death, West Virginia Code § 23-4-2(a) (2005) provided that notwithstanding anything contained in this chapter, no employee or dependent of any employee is entitled to receive any workers' compensation benefits on account of any personal injury to or

death to any employee caused by a self-inflicted injury or the intoxication of the employee. While this law has subsequently been amended, the Office of Judges determined that in light of *ACF Industries*, it would apply the statute as written at the time of Mr. Wykle's death. This meant that in order to deny Mrs. Wykle's claim for dependent's benefits, it had to be proven that Mr. Wykle was intoxicated at the time of his death and that his intoxication caused the injury leading to his death.

The Office of Judges determined that the employer submitted sufficient evidence to prove that Mr. Wykle was intoxicated at the time of his death. The autopsy contained a toxicology report that indicated that Mr. Wykle had supratherapeutic and therapeutic doses of prescription medications in his system without an active prescription. Dr. Nichols also determined that Mr. Wykle was chemically intoxicated at the time of his death. But the Office of Judges found that the employer failed to show how Mr. Wykle's intoxication caused his injury or death. No evidence was submitted describing how the injury occurred or describing Mr. Wykle's actions or inactions directly before the injury. Critical evidence had not been gathered or submitted regarding this information. West Virginia Code § 23-4-2(a) required proof of intoxication and causation in order to deny dependent's benefits. The Office of Judges found that absent evidence of causation, Mrs. Wykle had proven by a preponderance of the evidence that Mr. Wykle's death was caused by an injury received in the course of and as a result of his employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 16, 2016.

After review, we agree with the findings of fact and conclusions of law of the Office of Judges as affirmed by the Board of Review. The governing statute in place at the time of Mr. Wykle's death requires proof of intoxication of the employee at death and proof that said intoxication caused the injury or death. The autopsy report and Dr. Nichols's report show that Mr. Wykle was intoxicated. But the employer submitted no evidence regarding how the injury occurred or how Mr. Wykle's intoxication caused his own death. As Mrs. Wykle has met her burden of proof, she is entitled to dependent's benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis

3

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker